JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MORIAH ZEIGLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN LUIS OBISPO; COUNTY OF SAN LUIS OBISPO DEPARTMENT OF SOCIAL SERVICES; SAN LUIS OBISPO COUNTY SHERIFF'S DEPARTMENT; TERI WARKENTIN, an individual; DIANA STEINHAUER, an individual; LINDA GENDRON, an individual; DESILYN TRAHAN, an individual; JOCELYN McCURRY, an individual; GREGORY ROACH, an individual; ALFREDO CAMPOS, an individual; and DOES 1 through 100;<br><br>　　　　　Defendants. | Case No.: 2:17-cv-09295-MWF(AFMx)<br><br>**JUDGMENT AND ORDER** |

　　　On March 4, 2019, Defendants COUNTY OF SAN LUIS OBISPO, TERI WARKENTIN, DIANA STEINHAUER, LINDA GENDRON, DESILYN TRAHAN, JOCELYN McCURRY, GREGORY ROACH, AND ALFREDO CAMPOS

**JUDGMENT AND ORDER**

1  (collectively, "Defendants") filed their motion for summary judgment or in the
2  alternative, partial summary judgment;
3      On May 16, 2019, the Court issued its Order and Defendants' motion for
4  summary judgment was DENIED as to the extent it was based on Plaintiff's First Claim
5  premised on Officers GREGORY ROACH and ALFREDO CAMPOS' warrantless entry
6  into the home; it was DENIED as to Plaintiff's Second claim made pursuant to *Monell* to
7  the extent it was premised on the County's policy of subjecting children to forensic
8  medical examinations absent parental consent or a warrant; it was GRANTED as to
9  Plaintiff's First Claim for relief for violation of various federal civil rights to the extent it
10 was premised on Plaintiff's child E.Z.'s removal from the home; it was GRANTED as to
11 Plaintiff's Second Claim for relief for municipal liability pursuant to *Monell* to the extent
12 it is premised on the County's alleged policy of placing children into protective custody
13 absent warrants; it was GRANTED as to Plaintiff's Third Claim for violation of various
14 state civil rights to the extent they were premised on E.Z.'s warrantless removal; it was
15 GRANTED as to Plaintiff's Fourth Claim for relief for violation of California Civil
16 Code § 43 to the extent it was premised on E.Z.'s warrantless removal; it was
17 GRANTED as to Plaintiff's Fifth Claim for judicial deception pursuant to California
18 Government Code § 820.21; it was GRANTED as to Plaintiff's Sixth Claim for relief for
19 failure to comply with mandatory duties pursuant to California Government Code §
20 815.6 to the extent it was premised on E.Z's warrantless removal; it was GRANTED as
21 to Plaintiff's Seventh Claim for relief for intentional infliction of emotional distress to
22 the extent it is premised on E.Z.'s warrantless removal;
23     On February 15, 2022, the Parties stipulated that Defendant COUNTY OF SAN
24 LUIS OBISPO admitted liability as to Plaintiff's *Monell* claim premised on the County's
25 policy of subjecting children to forensic medical examinations absent parental consent or
26 a warrant; the Parties agreed to hold trial solely for Plaintiff's damages regarding the
27 *Monell* claim; Plaintiff agreed to dismiss the law enforcement claims against Defendants
28 GREGORY ROACH and ALFREDO CAMPOS; Plaintiff would make a motion for

**JUDGMENT AND ORDER**

attorney's fees and costs regarding the admitted *Monell* claim; the Parties further stipulated that Plaintiff shall retain the right to appeal the holding in Defendants' granted summary judgment motion;

On June 7, 2022, the Parties held a settlement conference with the Court and reached a settlement regarding Plaintiff's *Monell* claim premised on the County's policy of subjecting children to forensic medical examinations absent parental consent or a warrant;

On November 29, 2022, Plaintiff filed her motion for attorney's fees and costs;

On March 1, 2023, the Court GRANTED, in part, Plaintiff's motion for attorney's fees and costs, awarding $144,463.64 in attorney's fees and $48,011.66 in costs.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This action came to a hearing before the Court. The issues have been heard and a decision has been rendered.

2. Judgment is entered on behalf of Defendant as to Plaintiff's First Claim for relief for violation of various federal civil rights to the extent it was premised on Plaintiff's child E.Z.'s removal from the home;

3. Judgment is entered on behalf of Defendant as to Plaintiff's Second Claim for relief for municipal liability pursuant to *Monell* to the extent it is premised on the County's alleged policy of placing children into protective custody absent warrants;

4. Judgment is entered on behalf of Defendant as to Plaintiff's Third Claim for violation of various state civil rights to the extent they were premised on E.Z.'s warrantless removal;

5. Judgment is entered on behalf of Defendant as to Plaintiff's Fourth Claim for relief for violation of California Civil Code § 43 to the extent it was premised on E.Z.'s warrantless removal;

6. Judgment is entered on behalf of Defendant as to Plaintiff's Fifth Claim for judicial deception pursuant to California Government Code § 820.21;

7. Judgment is entered on behalf of Defendant as to Plaintiff's Sixth Claim for relief for failure to comply with mandatory duties pursuant to California Government Code § 815.6 to the extent it was premised on E.Z's warrantless removal;

8. Judgment is entered on behalf of Defendant as to Plaintiff's Seventh Claim for relief for intentional infliction of emotional distress to the extent it is premised on E.Z.'s warrantless removal.

9. Plaintiff is awarded $144,463.64 in attorney's fees and $48,011.66 in costs.

10. Exclusive jurisdiction is hereby retained by this Court for all matters including the administration, interpretation, or enforcement of the stipulation, settlement, enforcement of the Order for attorney's fees and costs, this Order and Final Judgment.

11. Immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  March 27, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge